ARNÓLD v. HYMER and others.

(*Circuit Court, W. D. Missouri.* February 6, 1881.)

1. GRANTOR AND GRANTEE — PRIOR FRAUDULENT CONVEYANCE — PURCHASER AT SHERIFF'S SALE — SUBSEQUENT CONVEYANCE TO GRANTOR.

    Hymer fraudulently conveyed the land in controversy to his minor children, by deed of warranty, in September, 1861. The same land was subsequently attached by the creditors of Hymer, and sold at sheriff's sale to Rogers for the sum of $451. Hymer subsequently conveyed the same land to Arnold by deed of warranty, dated November 30, 1863, in consideration of $1,000. Afterwards, May 7, 1864, Hymer procured a deed from Rogers for the sum of $451, the purchase money having been advanced by Arnold. *Held,* there being presumptive evidence that part of the $1,000 received from Arnold had been invested for the benefit of the wife and children of Hymer, that the deed from Rogers to Hymer enured to the benefit of Arnold. —[ED.

In Equity.

*Routt & Hardwick,* for complainant.

*Dunlap & Freeman,* for defendants.

KREKEL, D. J. John B. Hymer, father of the defendants, in 1861, and while in debt beyond his ability to pay, conveyed by warranty deed the tract of land in controversy in this suit to his three minor children, the youngest two years old, and the eldest six years old, stating in the deed the consideration to be $150; but by the defendants admitted to have been on account of love and affection. The deed, soon after its execution, was put upon record by the grantor. At the time of the execution of the deed the grantor was in possession of the land, the children to whom he had conveyed being with him, and the possession was continued up to the time of the sale and conveyance by Hymer to complainant. In 1862 a number of the creditors of Hymer brought suit, by attachment, against him, and had the land in dispute seized, alleging as ground for attachment that the conveyance by him to his children was fraudulent, and made to hinder and delay his creditors. In due time judgment was obtained in the attachment suits, and the land in controversy sold, Rogers becoming the purchaser thereof, paying $451 therefor. The deed to Rogers is dated October 26, 1863, and was duly recorded. On the thirtieth day of November, 1863, John B. Hymer sold the land he had conveyed to his minor children to the complainant, for and in consideration of $1,000, gave a warranty deed therefor, and delivered possession to him, and the said Arnold has held the same ever since. John B. Hymer, after the making of the two deeds mentioned, on the seventh day of May, 1864, at the suggestion of Arnold, and by his aid, obtained a deed from Rogers, the purchaser on sheriff's sale, the consideration being $451, the same Rogers had paid.

It is an undisputed fact that Arnold paid Rogers for the land. John B. Hymer, as stated, has made two warranty deeds to the land in controversy,—the first, a deed of gift to his minor children, the present defendants, dated September 11, 1861; the second, to Merrett S. Arnold, the complainant, in consideration of $1,000, dated November 30, 1863. The question, who has the better right to the land in controversy, under these conveyances? must depend upon the effect given to the deed from Rogers, in whom the title was vested

by virtue of the sheriff's deed heretofore spoken of. It is claimed by the defendants that the after-acquired title, in John B. Hymer from Rogers, enures to their benefit by force of the warranty deed made to them; while the complainant insists that in equity it should be held to support his deed. Had the deed by Rogers, the consideration whereof was paid by complainant Arnold, been made to him instead of Hymer, no dispute could have arisen as to the title. Under the statutes of Missouri conveyances made to defraud creditors are declared void. The decisions of the supreme court of Missouri, construing these statutes, are to the effect that a conveyance creates a resulting trust in favor of the grantor; that the property so conveyed may be sold under execution. To permit the title conveyed by Rogers to Hymer to support the deed made by Hymer to his minor children, for the purpose of defrauding his creditors, would be to uphold a conveyance which the law declares void. Equity favors a construction tending to carry out the evident intention of the parties, allowing the complainant the benefit of the purchase money paid by him, curing a possibly mistaken view which may have obtained concerning the effect of the conveyance from Rogers to Hymer. The deed from Rogers to Hymer is therefore held to support the one made by Hymer to complainant rather than the one to his minor children. The decree in favor of Arnold is based upon this view.

The attorney for defendants admits that there may be an equity in favor of complainant, to the extent of the amount of the purchase money paid by him to Rogers, because complainant made this payment before he had actual notice of the deed made by John B. Hymer to these defendants; assuming that it has been proven that the casual conversation between John B. Hymer and his wife was overheard by complainant, in which the wife insisted that the balance of the one thousand dollars ($1,000) purchase money, after payment of debts, should be invested for her and the children, because the father had made the deed to them. At the time that this conversation occurred the legal title to the land was in Rogers, and was sometime after acquired by complainant

paying Rogers the purchase money. It was satisfactorily shown that, without the payment of Rogers by complainant, John B. Hymer could never have obtained the title, because of his inability to raise the amount due Rogers; so that complainant may well have thought that his title came to him, which, in fact, it did, by virtue of the payment made to Rogers. It is also shown in evidence that investments were afterwards made by John B. Hymer in land, the deed for which was taken to the mother of these defendants, and by her death they have fallen heirs to that land, to the exclusion of the rest of the children of John B. Hymer; thus raising a strong presumption that his wife succeeded in accomplishing her desires, made known at the time of the making of the deed by her and her husband to Arnold, which the wife did not sign until the husband had promised he would invest the balance of the purchase money for her and her children's benefit. How inequitable it would be to thus obtain the benefit of part of the purchase money paid by complainant, and then turn around and take the land for which it had been paid. But this is not all. Here are heirs, whose ancestors warranted the title which they seek to defeat, thereby, if successful, causing a breach of warranty and creating a liability. A court administering equity often looks beyond the question which must determine the issues in hand, and though matter may not be sufficient to base a decree upon, yet they tend to remove doubts as to the conclusions arrived at. The decree will be that the title to the land in controversy vests in complainant; that the defendants be perpetually enjoined from prosecuting their suit in ejectment; and that complainant pay all costs.